```
              UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF WEST VIRGINIA

                         CHARLESTON


LORENE CANTERBURY,

        Petitioner,

v.                              Case No. 2:08-cr-00151-1
                                Case No. 2:10-cv-01305
                                Case No. 2:10-cv-01346

JOE KEFFER, Warden,

        Respondent.
```

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are Petitioner's Petition for Writ of Habeas corpus by a Person in Federal Custody (Case No. 2:10-cv-01346, docket # 1), originally filed in the United States District Court for the Northern District of Texas, and her Petition of Writ of Habeas Corpus by Person in Federal Custody (Case No. 2:10-cv-1346, # 1), originally filed in this Court. Both Petitions were signed on November 2, 2010, and filed in the respective court on November 10, 2010. On November 15, 2010, the presiding District Judge in the Northern District of Texas, the Hon. John McBryde, concluded that the claim in the Texas Petition "is properly asserted in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which must be filed in the court that sentenced her." Id., # 4, at 1. Judge McBryde gave Petitioner notice that if she did not object by 4:00 p.m. on November 29,

2010, the Texas case would be transferred to this Court. Id., at 2. Petitioner did not object and the case was transferred. Both Petitions raise the same argument and will be addressed together.

Lorene Canterbury (hereinafter "Petitioner") is serving a 162 month sentence upon her guilty pleas to engaging in a conspiracy to distribute five kilograms or more of cocaine (Count One), in violation of 21 U.S.C. § 846, and engaging in a conspiracy to launder monetary instruments (Count Two), in violation of 18 U.S.C. § 1956(h). (Case No. 2:08-cr-00151-1, Judgment in a Criminal Case, imposed and entered August 27, 2009, # 162.) Petitioner did not take a direct appeal. Accordingly, her conviction became final when the time (10 days) for filing a notice of appeal expired, which was September 14, 2009. Rule 4(b), FRAP.

Petitioner's ground for relief is stated as follows [*verbatim*]:

> I agreed to a plea agreement, so I did not file an appeal as of June 24, 2010 interpretted [sic] the statute involving Skilling which involved mail fraud, wire fraud and Money laundering. That is why I filed a 2241.

(No. 2:10-cv-1305, # 1, at 13; No. 2:10-cv-1346, # 1, at 4.) In a memorandum filed in No. 2:10-cv-1305, Petitioner elaborated on her contentions. It appears that the memorandum is a "canned" document used by other inmates, as it contains allegations which do not relate to Petitioner. It contains the following arguments that pertain to Petitioner:

> I did not file a 2255 because I made a plea I did

not file an appeal.  I am filing a 2241 not as an appeal but as a Motion because it was not until June 24, 2010 that the Supreme Court interpretted [sic] fraud statutes, "The intangible right to honest services".

\* \* \*

The Supreme Court's Decision in <u>Skilling</u>, <u>Black</u> and <u>Weyhrauch</u> interpretting [sic] § 1346 and its relation to § 1341 et seq. has made the conduct for which Petitioner is convicted and imprisoned non-criminal conduct.

\* \* \*

As set out in the Statement of the Facts in the instant case,[1] the Petitioner was charged with and convicted after a plea agreement of a Scheme to Defraud pursuant to 18 USC § 1956 with money laundering allegedly obtained from the fraud offenses(s) under 18 USC § 1956, the alleged fraud offenses did not involve bribes or kickbacks . . ..

In Petitioner's case, she was charged and convicted of money laundering under 18 USC § 1956.  The predicate offense in the money laundering count, Scheme to defraud (deprevation [sic] of the right to honest services) of which Petitioner has made a showing of her actual innocence.

(No. 2:10-cv-1305, # 1, at 1-7.)

The Petitions filed by Ms. Canterbury are properly construed as motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, and are not timely filed.

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. <u>In Re Jones</u>, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . .

---

[1] There is no "Statement of Facts" in Petitioner's documents.

detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner bears the burden of showing the inadequacy or ineffectiveness of a section 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The fact that relief under section 2255 is barred procedurally or by the gatekeeping requirements of section 2255 does not render the remedy of section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F. Supp.2d 354, 357 (S.D. W. Va. 2001)(Haden, C.J.). The remedy under section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under section 2255. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[i]f it plainly appears . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." The undersigned has carefully examined the Petitions and has concluded that it plainly appears that Petitioner is not entitled to relief.

Petitioner pled guilty to money laundering, but the predicate offense (or "specified unlawful activity") set forth in the

<007 skipped>

superseding indictment was the distribution of cocaine, not mail or wire fraud. (Superseding Indictment, No. 2:08-cr-151-1, # 35, at 2.) Thus the case of Skilling v. United States, 130 S. Ct. 2896 (2010), relating to so-called "honest services fraud," is irrelevant.

Prior to 1996, a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was not subject to a specific time limitation with respect to filing of the motion. However, in 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act of 1996,(hereinafter the "AEDPA"), which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255.

The one-year period runs from the latest of one of four specified events:

> (1) the date on which the judgment on conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Petitioner's conviction became final on the eleventh day after the entry of the Judgment in a Criminal Case, or September 14, 2009, because she did not take a direct appeal. Rule 4(b), Federal

5

Rules of Appellate Procedure.  The one year period for filing a § 2255 motion expired on September 14, 2010.

The undersigned proposes that the presiding District Judge **FIND** that Petitioner's conviction became final on or about September 14, 2009, when the time for filing a notice of appeal expired, and none of the other events specified in section 2255 apply in this case.  Therefore, Petitioner's time to file her section 2255 motion expired on or about September 14, 2010, and her Petitions are untimely, having been filed about two months late.

It is respectfully **RECOMMENDED** that Petitioner's cases attacking her conviction be dismissed with prejudice as untimely.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such

objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on the United States Attorney and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Petitioner and to transmit it to counsel of record.


February 15, 2011
     Date

Mary E. Stanley
United States Magistrate Judge